**POLSINELLI LLP**
Joel C. Gerson (SBN 298720)
jgerson@polsinelli.com
Llynn K. White (admitted *pro hac* vice)
lwhite@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   310.556.1801
Facsimile:    310.556.1802

*Attorneys for Defendants, Wells Fargo Bank, National Association, as Trustee, for the benefit of the Holders of COMM 2015-CCRE27 Mortgage Trust Commercial Mortgage Pass-Through Certificates, and Rialto Capital Advisors, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NMS 1539, LLC, a Delaware limited liability company, NMS 1548, LLC, a Delaware limited liability company, NMS 1759, LLC, a Delaware limited liability company, NMS SUPERIOR APARTMENTS, LLC, a Delaware limited liability company, NMS WARNER CENTER, LLC, a California limited liability company, NMS NORTHRIDGE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2015-CCRE27 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, RIALTO CAPITAL ADVISORS, LLC, a Delaware limited liability company, and DOES 1-20,<br><br>Defendants. | Case No.: 2:22-cv-06298-AS-AFM<br><br>**DEFENDANTS' RULE 26 INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Wells Fargo Bank, National Association, as Trustee for the benefit of the Holders of COMM 2015-CCRE27 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("**Lender**") and Rialto Capital Advisors, LLC ("**Rialto**"), by and through their undersigned counsel, hereby make the following initial disclosures.

### Introductory Statement

These initial disclosures are based upon information currently and reasonably available to Defendants and upon which Defendants may rely to support their claims or defenses. Discovery is ongoing, and Defendants reserve the right to correct, amend, supplement or modify these initial disclosures based on new or subsequently acquired information. By making these disclosures, Defendants do not represent that they are identifying every document, tangible thing or witness possibly relevant to this lawsuit, nor do Defendants waive their right to object to production of any document or tangible thing on the basis of any privilege, work-product doctrine, relevancy, undue burden or any other valid objection. Rather, Defendants' disclosures represent their good faith effort to identify information subject to the disclosure requirements of Rule 26(a)(1)(A).

Defendants' disclosures are made without waiving: (1) the right to object on the ground of competency, privilege, relevancy and materiality, hearsay or any other proper ground, to the use of any such information for any purpose, in whole or in part, at any subsequent stage or proceeding in this action or any other action; (2) the right to object to the use of any such information for any purpose, or in part, at any subsequent stage of the proceeding in this or any other action; or (3) the right to object on any grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these disclosures.

**Disclosures**

Subject to and without waiving any of the above reservations and objections, Defendants make the following disclosures:

**A.     Individuals Likely to Have Discoverable Information and the Subjects of Such Information:**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), and subject to the above reservations, Defendants identify the following individuals who are likely to have discoverable information that Defendants may use to support their claims or defenses:

    1.     Defendants' representatives: Kaveh Saberi, Senior Vice President, Niral Shah, Managing Director, and Jonathan Horowitz, Managing Director, all of whom may be contacted through undersigned counsel and may have knowledge of and information concerning the allegations and matters at issue in Plaintiffs' First Amended Complaint ("**Amended Complaint**"), Defendants' original Motion to Dismiss and supporting briefs filed with the Court on September 9, 2022, and Defendants' anticipated Motion to Dismiss Amended Complaint (collectively, "**Motions to Dismiss**"), including but not limited to: (a) the Loan Agreement attached as Exhibit A to the Amended Complaint ("**Loan Agreement**") and related Loan Documents; (b) the defeasance transactions completed on January 7, 2022 and January 12, 2022 ("**Defeasance Transactions**"), the Defeasance Agreements attached as Exhibits 1 and 2 to the Motions to Dismiss ("**Defeasance Agreements**"), and all other documents executed in connection with the Defeasance Transactions; (c) the transfer of the Loan to Special Servicing at Plaintiffs' request; (d) the existence of a "Cash Management Event" under the Loan Agreement and the resulting

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

86631950.3

consent and waiver needed from Lender before Plaintiffs could proceed with the Defeasance Transactions; (e) the fees due and payable to Lender under the Loan Agreement and owed under the Pooling and Servicing Agreement; (f) the amounts paid by Plaintiffs in connection with the Defeasance Transactions; and (f) communications between Plaintiffs and Defendants, or their respective agents or attorneys.

2. Midland Loan Services ("**Midland**") representatives: Carrie Fewins, Vice President, Asset Management, Andrew Ramsey, Senior Asset Manager, and any other employees, representatives, and agents of Midland, who may have knowledge of and information concerning the allegations and matters at issue in the Amended Complaint and the Motions to Dismiss, including but not limited to: (a) the Loan Agreement and related Loan Documents; (b) the Defeasance Transactions and Defeasance Agreements; (c) the transfer of the Loan to Special Servicing at Plaintiffs' request; (d) the existence of a "Cash Management Event" under the Loan Agreement and the resulting consent and waiver needed from Lender before Plaintiffs could proceed with the Defeasance Transactions; and (e) communications with Plaintiffs, or their respective agents or attorneys.

3. Plaintiffs' representatives: Neil Shekhter, Greg Proniloff, and any other employees, owners, members, managers, agents and representatives of Plaintiffs who are unknown at this time, who may have knowledge of and information concerning the allegations and matters at issue in the Amended Complaint and the Motions to Dismiss, including but not limited to: (a) the Loan Agreement and related Loan Documents; (b) the Defeasance Transactions and Defeasance Agreements; (c) the transfer of the Loan to Special Servicing at Plaintiffs' request; (d) the existence

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

of a "Cash Management Event" under the Loan Agreement and the resulting consent and waiver needed from Lender before Plaintiffs could proceed with the Defeasance Transactions; and (e) communications with Defendants, or their respective agents or attorneys.

4. 1st Service Solutions ("**1st Service**") representatives: Ryan Berkshire, Stephanie Whittington, and any other employees, owners, members, managers, agents and representatives of 1st Service, who are unknown at this time, who may have knowledge of and information concerning the allegations and matters at issue in the Amended Complaint and the Motions to Dismiss, including the transfer and maintenance of the Loan in Special Servicing at Plaintiffs' request and potential forbearance/deferral/modification of the Loan initiated by Plaintiffs.

5. All persons and entities, not otherwise listed, that may be disclosed in the exhibits to the Amended Complaint and Motions to Dismiss or in any other pleadings filed with the Court in this action.

6. All persons and entities, not otherwise listed, that may be disclosed in any documents produced by Defendants in this matter.

7. All persons and entities identified in Plaintiffs' Rule 26(a)(1) initial disclosures and/or disclosed through formal or informal discovery or documents produced by Plaintiffs in this matter.

8. Any expert witness that Plaintiffs may retain.

9. Any expert witness that Defendants may retain.

10. Any witness needed to authenticate or lay the foundation for documents or to establish the chain of custody of any evidence.

**B.    Documents that May be used to Support Claims or Defenses:**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), and subject to the above reservations, Defendants identify the following documents, or categories of

documents, located at Defendants' and/or their counsel's places of business, that Defendants may use to support their claims or defenses:

1. All exhibits attached to or referenced in the Amended Complaint, including the Loan Agreement, together with related Loan Documents, and the Pooling and Servicing Agreement;

2. All exhibits attached to or referenced in the Motions to Dismiss, including the Defeasance Agreements, together with all documents related to the subject Defeasance Transactions;

3. All agreements between Plaintiffs and Defendants;

4. Communications between Plaintiffs and Defendants, or their respective agents or attorneys, including but not limited to those related to the Loan Agreement and related Loan Documents, the Defeasance Agreements and related documents, the Defeasance Transactions, and fees paid in connection with the Defeasance Transactions;

5. Communications between Defendants and any other third parties related to the Defeasance Transactions;

6. Documents produced by Defendants in response to any discovery requests;

7. Documents identified by Plaintiffs in their Rule 26 initial disclosures and/or obtained from or produced by Plaintiffs in their initial disclosures or in response to any discovery requests;

8. Documents produced pursuant to any subpoenas in this matter; and

9. Any other documents related to Plaintiffs' allegations or Defendants' defenses.

Pursuant to Rule 26(b)(5), Defendants have withheld or will withhold the following categories of documents that might otherwise be responsive, but are protected by the attorney-client privilege, work-product doctrine or consulting expert

6

DEFENDANTS' RULE 26 INITIAL DISCLOSURES

86631950.3

privilege: (a) letters, memoranda, correspondence and other communications from Defendants to their counsel, and letters, memoranda, correspondence prepared by counsel for Defendants regarding case status, discovery, legal analysis and any other issues in this lawsuit; (b) documents of any kind prepared by Defendants or their counsel in anticipation of litigation, for trial preparation and/or at the direction of counsel pertaining to any issue in this lawsuit; and (c) documents of any kind pertaining to Defendants' counsel or their consulting experts in anticipation of litigation, for trial preparation, and/or for Defendants' benefit for any purpose relating to this lawsuit.

**C.**     **Computation of Damages:**

Defendants' attorneys' fees and costs incurred defending this action, which are due under the Loan Agreement in such sums as may be on account with the undersigned counsel.

**D.**     **Insurance Agreements:**

Defendants are unaware of any insurance policy that might cover any potential damage award in this litigation.

Dated:  November 9, 2022             Respectfully submitted,

**POLSINELLI LLP**

By: */s/ Llynn K. White*
    Joel C. Gerson
    Llynn K. White (admitted *pro hac* vice)

*Attorneys for Defendants, Wells Fargo Bank, National Association, as Trustee, for the benefit of the Holders of COMM 2015-CCRE27 Mortgage Trust Commercial Mortgage Pass-Through Certificates, and Rialto Capital Advisors, LLC*

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

7
DEFENDANTS' RULE 26 INITIAL DISCLOSURES
86631950.3

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 2049 Century Park East, Suite 2900, Los Angeles, CA 90067. I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

On **November 9, 2022**, I served the foregoing document(s) described as:

**DEFENDANTS' RULE 26 INITIAL DISCLOSURES**

☒ **BY ELECTRONIC SERVICE:** By electronically mailing true and correct copies from zyoung@polsinelli.com to all of the email addresses set forth in the CM/ECF Electronic Mail List.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

☒ Executed on **November 9, 2022,** at Los Angeles, California.

*/s/ Zelda Young*
Zelda Young